IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL TRUNZO,<br><br>    Petitioner,<br><br>v.<br><br>JILL BROWN, Warden of San Quentin State Prison, and THE BOARD OF PRISON TERMS, and ARNOLD SCHWAZENEGGER, Governor, real parties in interest,<br><br>    Respondents.<br>_____/ | No. C 05-00734 JSW<br><br>**ORDER TO SHOW CAUSE** |

    Movant, Russell Trunzo, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### BACKGROUND

    Petitioner was convicted by a jury of one count of murder in the second degree (Cal. Penal Code (§187) and was sentenced to 15 years to life in state prison.

### LEGAL CLAIMS

    Petitioner does not challenge the validity of his underlying conviction or the resulting sentence. Rather, Petitioner seeks federal habeas corpus relief by raising the following claims: (1) the California Board of Prison Terms ("the Board") has violated the Due Process Clause of the 14th Amendment to the United States Constitution by its repeated denials of parole to Petitioner; (2) the Board has violated the Equal Protection Clause of the 14th Amendment to the United States Constitution by its repeated denials of parole to Petitioner; and (3) the Board's repeated denials of his parole constitutes cruel and unusual punishment in violation of the Eight

Amendment.  Liberally construed, the claims appear potentially colorable under 28 U.S.C. § 2254 and merit an answer from Respondents.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. Petitioner shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondents.

2. Respondents shall file with the Court and serve on Petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondents within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: July 15, 2005                                              /s/ Jeffrey S. White
                                                    JEFFREY S. WHITE
                                                    UNITED STATES DISTRICT JUDGE