1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    RUSSELL TRUNZO,

10              Petitioner,                          No. C 05-00734 JSW

11       v.

12   JILL BROWN, et al.                        **ORDER DENYING MOTION TO
                                                STAY PENDING APPEAL**
13              Respondents.

                                         /
14

15          On March 13, 2008, the Court granted the petition for a writ of habeas corpus, filed by

16   Russell Trunzo ("Trunzo"), and ordered Respondents to set a release date for Trunzo within

17   sixty days of the Court's Order.  On March 18, 2008 Respondents[1], filed a motion to stay, in

18   which she advised the Court that she intended to appeal the Court's decision.  On March 21,

19   2008, Respondent filed a notice of appeal.  The motion to stay is now ripe for decision, and the

20   Court finds the matter suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-

21   1(b).

22          In general, the factors the Court must consider in deciding this motion are: "(1) whether

23   the stay applicant has made a strong showing that he is likely to succeed on the merits; (2)

24   whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

25   will substantially injure the other parties interested in the proceeding; and (4) where the public

26   interest lies." *Hilton v. Brraunskill*, 481 U.S. 770, 776 (1987).

27

28

_____

[1]       The Court has captioned this matter as it was original filed.  As noted in the Amended Motion to Stay, Robert Ayers is the current warden of San Quentin.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court has considered Respondents' arguments on likelihood of success on the merits, but finds them unpersuasive for the reasons set forth in the Order granting the Petition. With respect to Respondents' argument that the Court improperly reweighed evidence, the Court again notes that because there was no reasoned decision, it was required to conduct an independent review of the record and did so. (*See* Order Granting Petition at 11:8-10.)

The Court also finds that, given the circumstances of this case, the remaining factors also weigh against a stay. Although Respondents contend they would be irreparably injured because the Board is required to determine suitability before setting a release date, the Court concluded that there was no basis in the record to support a finding that Trunzo is unsuitable for parole. Moreover, although the Board contends that the proper remedy would have been to order the Board to conduct a hearing that comported with due process, the Status Report submitted by Trunzo suggests that would have been a futile effort. (*See* Docket No. 22.) Further, although Trunzo indeed may be serving a sentence of 15 years to life, it is a sentence that provides for the possibility of parole. The Court concludes that Trunzo would be injured if a stay was entered. Finally, as noted in the Order granting the Petition, the Court concluded that the Board's decision that Trunzo presented a present danger to society was not supported by some evidence. Thus, this factor also weighs against granting a stay.

Accordingly, the Court DENIES the motion for a stay. Absent a stay from the Ninth Circuit, Respondents *shall set a release date* in accordance with the Order granting the Petition by no later than May 13, 2008.

**IT IS SO ORDERED.**

Dated: April 2, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2